## Hine *v.* Houston.

After going into a trial upon the merits, and the plaintiff has proved his claim for work, the defendant should not be permitted to introduce evidence, that the work was done for him and another jointly, in order to avoid the liability.

The omission to join all the parties, should be taken advantage of by plea in abatement.

### *Error to Lee District Court.*

*Opinion by* KINNEY, J. This was an action commenced before a justice of the peace for work and labor, in which the defendant in error recovered a judgment. Hine appealed to the district court, and upon trial a judgment was rendered against him for $97,41.

From the bill of exceptions taken on the trial by Hine, it appears that after Houston had closed his evidence, the defendant below offered to prove that the work was done for him and Adam Hine, that they were jointly interested in the work, and that it was done by Houston on their joint account. The defendant in error objected to the introduction of this testimony, it was held by the court to be inadmissible. To this ruling Hine excepted, and assigns it for error.

This was not error, and the court was right in excluding from the jury, the testimony offered. The plaintiff in error could not, at that stage of the trial, prove the joint liability of a third person, and thus escape an individual liability. As Adam Hine was not a party defendant, the introduction of testimony fastening a joint liability upon *him*, could not avail any thing upon the trial, except to defeat Houston in his action. He could not without the proper plea, (having gone to trial,) be permitted in this way to prevent a recovery.

By the rules of pleading, an ample remedy is provided where there is an omission of the necessary parties, or a nonjoinder of defendants. But the law is well settled,

20

that he could only take advantage of this by a plea in abatement.

If a party defendant be omitted, whether liable to be jointly sued upon a personal contract, or as person of the profits of real estate as in debt for a rent charge, the advantage can only be taken by a plea in abatement, verified by affidavit; and if this be omitted, the defendant will be chargeable with the whole debt.  1 Chitty's Pl. 31.

The omission of a joint contractor must be pleaded in abatement.  Chitty's Pl. 441; *Larton* v. *Gilliam*, 1 Scam. 577.

That a plea in abatement was the proper remedy in this case, for the plaintiff in error, if what he sought to prove was true, we think too clear to require further notice.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*W. J. Cochran*, for defendant.